Of Counsel:
SHIM & CHANG

ROY K. S. CHANG      #1733-0
*roy@shimchanglawyers.com*
HARVEY M. DEMETRAKOPOULOS #5033-0
*harvey@shimchanglawyers.com*
333 Queen Street, Suite 900
Honolulu, Hawaii    96813
Telephone No. (808)524-5803
Facsimile No. (808)538-3853

Attorneys for Plaintiff
REUBEN K. K. BROAD

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| REUBEN K. K. BROAD, ) | CIVIL NO. CV _____ |
| ) | (Other Personal Injury Tort) |
| Plaintiff, ) | |
| ) | **COMPLAINT; SUMMONS IN A CIVIL** |
| vs. ) | **ACTION** |
| ) | |
| COURTYARD MANAGEMENT ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**<u>COMPLAINT</u>**

COMES NOW Plaintiff REUBEN K. K. BROAD, by and through his attorneys, Shim & Chang, and for causes of action against the Defendants above-named alleges and avers as follows:

**THE PARTIES**

1. Plaintiff REUBEN K. K. BROAD (hereinafter, "Plaintiff" or "Plaintiff Broad"), was at all times pertinent herein a resident of the City and County of Honolulu, State of Hawaii.

2. Defendant COURTYARD MANAGEMENT CORPORATION (hereinafter "Defendant" or "Defendant Courtyard") is a Delaware Profit Corporation, organized in the State of Delaware and doing business in the State of Hawaii as Courtyard Maui Kahului Airport, located at 532 Keolani Place, Kahului, Maui, Hawaii.

**STATEMENT OF JURISDICTION**

3. The Plaintiff is a citizen of the State of Hawaii. Defendant Courtyard is a Delaware Profit Corporation, and a citizen of the State of Delaware. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. Sec. 1332.

**STATEMENT OF CLAIM**

4. Defendant Courtyard owns, operates, manages, and/or controls the hotel and property doing business as the "Courtyard Maui Kahului Airport".

5. Defendant Courtyard provides on its property, a swimming pool for its hotel guests to use.

6. Defendant Courtyard, owed legal duties and standards of care to anyone using this swimming pool, which included the following:

      (a)   Defendant Courtyard must design, construct, maintain and provide safe steps for its guests to use when entering Defendant's pool;

      (b)   Defendant Courtyard must protect its guests from foreseeable risks of injury when using Defendant's pool steps;

      (c)   Defendant Courtyard must not create a dangerous condition on its pool steps;

      (d)   Defendant Courtyard must provide pool steps which are slip resistant;

      (e)   Defendant Courtyard must adequately warn of the slippery condition of its pool steps;

      (f)   Defendant Courtyard warranted safe pool steps which are fit for the purpose of safely entering the swimming pool;

      (g)   Defendant Courtyard must not create or allow to exist a public nuisance on its pool steps;

      (h)   Defendant Courtyard must comply with all Americans with Disabilities Act and industry safety standards, rules, and guidelines which apply to swimming pool steps;

      (i)   Defendant Courtyard must not unnecessarily create a risk of injury to its guests; and

      (j)   Given a choice, Defendant Courtyard must always choose the safest course of action to protect its guests from injury.

7.   Defendant Courtyard breached legal duties, standards of care, safety rules, and/or warranties, thereby creating a dangerous slippery condition and/or unreasonable risk of harm on its swimming pool steps.

8.   Defendant Courtyard was negligent and/or acted in a negligent manner.

9.   On or about September 4, 2017, Plaintiff Broad, was a guest at Defendant's Courtyard Maui Kahului Airport hotel.

10.  On that day, Plaintiff Broad was entering Defendant's pool when his foot slipped, due to the slippery condition of the pool steps, thereby causing injury to his right knee and other bodily injuries.

11.  Plaintiff Broad also suffered mental anguish and emotional distress as a result.

12.  The negligence and/or negligent acts of Defendant Courtyard was a factual cause of Plaintiff Broad's slip and a legal (more than a trivial cause) of his injuries, losses and/or damages.

13.  Defendant Courtyard is vicariously liable for the negligent acts of its employees, agents and/or contractors.

14.  Plaintiff Broad's injuries, losses, and damages occurred in the County of Maui, State of Hawaii.

15. Plaintiff Broad has sustained and will further sustain special, economic, and other common law damages in an amount to be determined at trial.

16. Plaintiff Broad has sustained and will further sustain general, non-economic, and other common law damages in an amount to be determined at trial.

17. Defendant Courtyard was grossly negligent and/or acted in a willful, wanton or reckless disregard of safety rules, standards, guidelines and the rights, feelings and safety of others, and for that reason Plaintiff Broad claims punitive damages, against Defendant, in an amount to be determined at the time of trial.

### DEMAND FOR RELIEF

Plaintiff Broad demands judgment against Defendant Courtyard as follows:

   a. General, non-economic, and other common law damages as are proven at the time of trial.

   b. Special, economic, and other common law damages as are proven at the time of trial.

   c. Punitive and exemplary damages as are proven at the time of trial.

   d. Prejudgment interest from the date of the incident.

   e. Reasonable attorneys' fees and litigation costs.

    f. Such other relief as may be deemed just and equitable under the premises.

    DATED:  Honolulu, Hawaii, _____December 12, 2017_____.

            /s/Harvey M. Demetrakopoulos
            _____
            ROY K. S. CHANG
            HARVEY M. DEMETRAKOPOULOS
            Attorneys for Plaintiff